UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH CARVER

            Plaintiff,

v.

HENRY RICHARDS,

            Defendant.

Case No.  C05-5037RJB

ORDER

This matter comes before the Court on plaintiff's *Motion for Reconsideration Motion for self recusal of Judge* (Dkt. 15) and *Motion for Reconsideration* (Dkt. 16).  The Court has reviewed all documents filed in support these motions, has reviewed the entire file, and is fully advised.

**I.**     **FACTS AND PROCEDURAL BACKGROUND**

On February 24, 2005, plaintiff filed a complaint arising from the conditions of his civil commitment at the Special Commitment Center requesting injunctive and declaratory relief.  Dkt. 9.  On May 13, 2005, this Court adopted U.S. Magistrate Judge J. Kelley Arnold's Report and Recommendation dismissing the complaint without prejudice.  Dkt. 13.  The order found the following:

(A) This is <u>not</u> a class action lawsuit under FRCP 23, although plaintiff refers to a "class" in the Complaint (Dkt. 9).
(B) This is <u>not</u> a suit for money damages.  The Complaint (Dkt. 9) only requests injunctive and declaratory relief.
(C) Plaintiff is, apparently, a member of the class formed in <u>Turay v. Selig</u>, C91-664RSM, and is, as a class member, represented by counsel in that case.
(D) The issues plaintiff attempts to raise in his Complaint substantially overlap with issues raised in the <u>Turay</u> case.  Insofar as these issues do overlap, they should be raised in <u>Turay</u>.
(E) The <u>Turay</u> case is still open as is reflected in that file.
(F) Plaintiff's Complaint (Dkt. 9) does not comply with FRCP 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," or FRCP 8(e),

ORDER - 1

which requires that "each averment of a pleading shall be simple, concise and direct." While "no technical forms of pleading . . . are required," and while "all pleadings should be construed to do substantial justice," FRCP 8(e), it is extremely difficult to figure out just what, if anything, plaintiff is complaining about that is not within the scope of Turay and is covered within the scope of federal jurisdiction. This is a sufficient basis, standing alone, to call for the dismissal of Plaintiff's Complaint without prejudice.

Dkt. 13.

On May 20, 2005, a pleading entitled *Motion for Reconsideration Motion for self-recusal of Judge* was filed in this matter. This pleading was not signed by the plaintiff, but by "Richard Roy Scott, Esq., Pro Se." Dkt. 15. This pleading contains a motion for reconsideration of the order adopting the Report and Recommendation. The Motion for Reconsideration reasserted that the Turay injunction was dissolved and argued that the amended complaint seeks money damages. Dkt. 15, at 1-2. The pleading also contains a motion for self recusal. *Id.* On May 26, 2005, a second pleading entitled *Motion for Reconsideration* was filed. Dkt. 16. This pleading was filed both by plaintiff and "Richard Roy Scott, Esq., Pro Se." *Id.* Although phrased differently, this motion makes the same motions and arguments as the pleading filed on May 20, 2005. *Id.*

## II. DISCUSSION

### A. MOTION FOR RECONSIDERATION

Local Rule CR 7(h) provides in relevant part as follows:

Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff has failed to meet his burden under Local Rule CR 7(h) regarding his motions for reconsideration. The order adopting the Report and Recommendation clearly explained the state of this case vis a vis the Turay case. Further, no amended complaint has been filed in this matter. The motions for reconsideration should be denied as frivolous.

### B. MOTION FOR RECUSAL

Plaintiff's motion for self recusal of this judge and the magistrate judge should be stricken. This request is not a Motion for Recusal under 28 U.S.C. § 144. It is not timely, coming after the Magistrate Judge's Report and Recommendation and this Court's order adopting the Report and Recommendation. The motion was not accompanied by a sufficient affidavit as is required by § 144. Accordingly, no referral to the Magistrate Judge is required under Western District of Washington Local General Rule 9 (c). This motion requires no further action by this Court.

ORDER - 2

### C. RULE 11

Fed. Rule of Civ. Pro. 11(a) provides that every pleading, written motion and other paper shall be signed by at least one attorney of record, or if a party is not represented, signed by the party. Rule 11(b) further provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Rule 11(c) states that the Court, on its own initiative can "enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm or party to show cause why it has not violated subdivision (b)."

The tactics utilized in these two pleadings are tactics frequently used by Richard Roy Scott, another SCC resident. Mr. Scott has been placed under severe restrictions by this Court for his abusive litigation tactics. *See, e.g. Scott v. Seling*, C04-5147RJB, Dkt. 170. Mr. Scott, in fact signed the first pleading as "Richard Roy Scott, Esq., Pro Se" and plaintiff did not sign the pleading. Dkt. 15, at 2. In essence, plaintiff allowed a non-party, non-lawyer to sign the pleadings. Plaintiff is informed that this is his case, not Mr. Scott's case. Moreover, these motions are frivolous, have no legitimate purpose and are clearly intended to harass the court and cause unnecessary delays. Plaintiff should be ordered to show

ORDER - 3

cause why this Court should not dismiss this action with prejudice or order up to $1,000.00 in Rule 11 sanctions against him. Plaintiff should do so, in writing, by July 7, 2005.

### III. ORDER

Therefore, it is hereby

**ORDERED** that plaintiff's Motions for Reconsideration (Dkt. 15 and 16) are **DENIED**, and plaintiff's motions for self recusal (Dkt. 15 and 16) are **STRICKEN**. Further, plaintiff is hereby ordered to show cause in writing, if any he has, on or before July 7, 2005, why this Court should not dismiss this action with prejudice and/or order up to $500 in Rule 11 sanctions against him.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 9th day of June, 2005.

/s/ Robert J. Bryan

Robert J. Bryan
United States District Judge

ORDER - 4